HAYNES AND BOONE, LLP
R. Thaddeus Behrens/Bar No. 196322
thad.behrens@haynesboone.com
Michelle C. Jacobs*/TX Bar No. 24069984
michelle.jacobs@haynesboone.com
William Marsh*/TX Bar No. 24092762
william.marsh@haynesboone.com
2323 Victory Ave., Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 200-0886

*Admitted Pro Hac Vice

*Attorneys for Defendant
New Millennium Concepts, Ltd.*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TARA FARRELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>NEW MILLENNIUM CONCEPTS, LTD.,<br><br>Defendant. | **No. 2:21-cv-00075-JAM-KJN**<br><br>**Hon. John A. Mendez**<br><br>**DEFENDANT NEW MILLENNIUM CONCEPTS, LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Date: June 22, 2021<br>Time: 1:30 p.m.<br>Courtroom: 6 |

**TO THE HONORABLE COURT, TO ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that, on June 22, 2021, at 1:30 P.M. in Courtroom 6 of the United States District Court, Eastern District of California, Sacramento Division, located at Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California, 95814, Defendant New Millennium Concepts, Ltd. ("NMCL" or "Defendant") will and hereby does move this Court for an order dismissing the claims asserted against NMCL by Plaintiff Tara Farrell ("Plaintiff") in the First Amended Class Action Complaint ("Complaint" or "Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

The Motion is based on this Notice; the Memorandum of Points and Authorities; the papers, pleadings, and documents on file herein, including, without limitation, the Complaint and the Declaration of Shawn Elliott and accompanying exhibits; and on such other and further evidence as may be presented at or before the hearing on this matter.

This motion is made following the conference of counsel pursuant to the Court's standing order which took place on April 16, 2021.

DATED:  April 23, 2021                    HAYNES AND BOONE, LLP

By: */s/ R. Thaddeus Behrens*
R. Thaddeus Behrens (SBN 196322)
thad.behrens@haynesboone.com
Michelle C. Jacobs* (TX Bar No. 24069984)
michelle.jacobs@haynesboone.com
William Marsh* (TX Bar No. 24092762)
william.marsh@haynesboone.com
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219-7672
Tel: (214) 651-5668
Fax: (214) 200-0886

**Admitted Pro Hac Vice*
*Attorneys for Defendant*
*New Millennium Concepts, Ltd.*

**DEFENDANT NEW MILLENNIUM CONCEPTS, LTD.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION – PAGE 1**

HAYNES AND BOONE, LLP
R. Thaddeus Behrens/Bar No. 196322
thad.behrens@haynesboone.com
Michelle C. Jacobs*/TX Bar No. 24069984
michelle.jacobs@haynesboone.com
William Marsh*/TX Bar No. 24092762
william.marsh@haynesboone.com
2323 Victory Ave., Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 200-0886

*Admitted Pro Hac Vice

Attorneys for Defendant
New Millennium Concepts, Ltd.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TARA FARRELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>NEW MILLENNIUM CONCEPTS, LTD.,<br><br>Defendant. | No. 2:21-cv-00075-JAM-KJN<br><br>**Hon. John A. Mendez**<br>**Courtroom 6**<br><br>**DEFENDANT NEW MILLENNIUM CONCEPTS, LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................... 1

I. NMCL is a Texas-based company that supplies water purification products. ..................... 2

II. NMCL does not sell its products directly to consumers. ...................................................... 2

III. Plaintiff alleges she purchased an NMCL product on Amazon, but she did not purchase the product from NMCL. ........................................................................................ 2

IV. Plaintiff asserts claims on behalf of a putative nationwide class that cover products she did not purchase and that are not available for retail sale in California. .............................. 3

V. NMCL's websites specify Texas as the exclusive forum for any disputes involving use of the websites in connection with the purchase of NMCL products. ................................ 4

ARGUMENT ....................................................................................................................................... 5

I. Legal Standards. ..................................................................................................................... 5

II. Plaintiff's claims should be dismissed for lack of personal jurisdiction. ............................. 5

    A. Plaintiff cannot establish general jurisdiction. ............................................................ 6

    B. Plaintiff cannot establish specific jurisdiction. ........................................................... 6

        1) Plaintiff cannot establish specific jurisdiction based on her purchase of a Travel Berkey. ........................................................................................................ 7

        2) Plaintiff cannot establish specific jurisdiction over claims for products not sold in California. .................................................................................................. 9

        3) Plaintiff cannot establish specific jurisdiction over claims by non-California putative class members. .............................................................................. 9

    C. The exercise of personal jurisdiction would not be reasonable. ............................. 10

CONCLUSION .................................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alexandria Real Estate Equities, Inc. v. RUNLABS (UK) Ltd.*,
  2019 WL 4221590 (N.D. Cal. Sept. 5, 2019) .................................................................................. 9

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*,
  137 S. Ct. 1773 (2017) .............................................................................................................. 5, 9

*Butcher's Union Local No. 498 v. SDC Inv., Inc.*,
  788 F.2d 535 (9th Cir. 1986) ......................................................................................................... 5

*Calkins v. Bankers Life & Cas. Co.*,
  2009 U.S. Dist. LEXIS 1206 (E.D. Cal. Jan. 9, 2009) ................................................................ 11

*Carpenter v. PetSmart, Inc.*,
  441 F. Supp. 3d 1028 (S.D. Cal. 2020) ........................................................................ 9, 10, 11, 12

*Casa Blanca de Punta Mita v. Rayment*,
  2019 WL 1299038 (S.D. Cal. Mar. 20, 2019) ............................................................................... 5

*Corcoran v. CVS Health Corp.*,
  169 F. Supp. 3d 970 (N.D. Cal. 2016) .......................................................................................... 7

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ................................................................................................................. 6, 7

*Delacruz v. Serv. Corp. Int'l*,
  2018 WL 2287962 (E.D. Cal. May 18, 2018) ........................................................................... 7, 8

*Electro Scan, Inc. v. Henrich*,
  2019 WL 1299010 (E.D. Cal. Mar. 21, 2019) (Mendez, J.) ............................................... 6, 8, 10

*Elowson v. JEA Senior Living*,
  2015 WL 2455695 (E.D. Cal. May 22, 2015) (Mendez, J.) .......................................................... 5

*Gemini Bioproducts, Inc. v. Serum Source Int'l, Inc.*,
  2018 WL 1586355 (E.D. Cal. Apr. 2, 2018) (Mendez, J.) ............................................................ 6

*Gilmore-Webster v. Bayou City Homebuyers Inc.*,
  2019 WL 1100492 (N.D. Cal. Mar. 8, 2019) ................................................................................ 8

*Good Job Games Bilism Yazilim Ve Pazarlama A.S. v. SayGames LLC*,
  458 F. Supp. 3d 1202 (N.D. Cal. 2020) ...................................................................................... 10

*Grossman v. Schell & Kampeter, Inc.*,
  2019 WL 1298997 (E.D. Cal. Mar. 21, 2019) (Mendez, J.) .......................................................... 7

*Infinite Peripherals, Inc. v. Custom S.P.A.*,
    2020 WL 5045315 (C.D. Cal. Apr. 10, 2020) .......................................................................... 8

*Lamont v. Conner*,
    2019 WL 1369928 (N.D. Cal. Mar. 26, 2019) ........................................................................ 5

*Matus v. Premium Nutraceuticals, LLC*,
    715 F. App'x 662 (9th Cir. 2018) .................................................................................. 6, 7, 8

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
    647 F.3d 1218 (9th Cir. 2011) ............................................................................................... 5

*Navigators Spec. Ins. Co. v. Kapiolani Residential, LLC*,
    2018 WL 1426608 (N.D. Cal. Mar. 22, 2018) ........................................................................ 7

*Sodexo Mgmt., Inc. v. Old Republic Ins. Co.*,
    2021 WL 254240 (S.D. Cal. Jan. 26, 2021) ......................................................................... 10

*Spy Optic, Inc. v. AreaTrend, LLC*,
    -- F. App'x ---, 2021 WL 225628 (9th Cir. Jan. 22, 2021) ............................................. 6, 8, 9

*Tercica, Inc. v. Insmed Inc.*,
    2006 WL 1626930 (N.D. Cal. June 9, 2006) ....................................................................... 11

*Terracom v. Valley Nat'l Bank*,
    49 F.3d 555 (9th Cir. 1995) ................................................................................................. 11

*Thiring v. Borden*,
    2007 WL 1875656 (D. Or. June 27, 2007) .......................................................................... 11

*Williams v. Yamaha Motor Co.*,
    851 F.3d 1015 (9th Cir. 2017) ............................................................................................... 8

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) .............................................................................................................. 5

## PRELIMINARY STATEMENT

Plaintiff seeks to bring a nationwide class action against New Millennium Concepts, Ltd. ("NMCL"), alleging breach of warranty and related claims for (1) a product she bought online from someone *other than* NMCL; (2) other products she did not purchase and that NMCL expressly prohibits from being sold in California; and (3) products purchased by putative class members outside of California. Plaintiff's claims must be dismissed for lack of personal jurisdiction.

NMCL is a Texas company headquartered in Bedford, Texas that supplies gravity-fed water filter systems. All NMCL's operations flow through its Texas offices and Texas-based personnel. NMCL does not have any offices, operations, or employees in California and does not make any direct retail sales of its products to California residents.

Plaintiff allegedly purchased a single NMCL water filter systems called a Travel Berkey on Amazon from an unknown online seller—not NMCL. Based on that single purchase, she purports to bring nationwide class claims against NMCL relating to the marketing and sale of six distinct NMCL water filter systems throughout the country, including many products that NMCL does not allow to be sold in California. Significantly, Plaintiff's Complaint is not about how the Travel Berkey she purchased performed. Rather, the entire basis for Plaintiff's claims is purported testing her lawyers commissioned on another NMCL product—the Crown Berkey—which NMCL specifically prohibits from being sold in California.

The Court lacks personal jurisdiction over Plaintiff's claims. NMCL is not subject to general jurisdiction because it is not "at home" in California. And Plaintiff cannot identify any connection between NMCL, Plaintiff, and California that gives rise to specific jurisdiction. She did not purchase any products directly from NMCL, and jurisdiction cannot attach to NMCL solely based on the sale of an NMCL product to her by an independent dealer or online reseller. Also, under well-established law, NMCL's websites cannot serve as a basis for jurisdiction because those websites are equally accessible from any location in the United States. The Complaint lacks any other jurisdictional allegations tying NMCL to California in relation to Plaintiff's claims.

The class action element of Plaintiff's claims amplifies the jurisdictional problems. The Court cannot exercise jurisdiction over claims related to products that Plaintiff never purchased or products that are not available for retail sale in California. Nor can the Court exercise jurisdiction over the claims of unnamed putative class members outside California.

Accordingly, the Court should dismiss Plaintiff's claims for lack of personal jurisdiction.

## BACKGROUND

### I. NMCL is a Texas-based company that supplies water purification products.

NMCL is an industry leader in gravity-fed water filtration and purification products and best known for various water filter systems it supplies under the "Berkey" brand name. *See* Compl. ¶ 3. It is a Texas limited partnership with a principal place of business in Texas. Ex. 1 (Elliott Decl.) ¶ 10. Texas is home to all its offices, managers, and virtually all personnel and operations. *Id.* ¶ 3. NMCL has no offices, operations, or employees in California. *Id.* ¶ 4.

### II. NMCL does not sell its products directly to consumers.

NMCL does not sell products directly to consumers and did not do so during the time relevant to the Complaint. *Id.* ¶¶ 5-6. Instead, NMCL sells its products to a network of independent dealers who then sell the products to retail customers. *Id.* ¶ 7. Unauthorized, independent resellers who have no contractual relationship with NMCL sometimes purchase NMCL products from NMCL dealers and improperly sell those products on Amazon and other websites as "new". *Id.* ¶ 8. NMCL has also encountered unscrupulous online merchants that have sold counterfeit or imitation NMCL products. *Id.* ¶ 9.

### III. Plaintiff alleges she purchased an NMCL product on Amazon, but she did not purchase the product from NMCL.

Plaintiff alleges she is a resident of Sacramento and purchased a "Berkey Travel System" through NMCL's Amazon storefront in October 2019. Compl. ¶ 8. But no such storefront existed at the time of her purchase. Ex. 1 (Elliott) Decl.) ¶ 11. The Amazon storefront Plaintiff references in the Complaint was not created until 2020. Further, the Amazon storefront that now exists only provides information about NMCL products; an Amazon customer does not purchase products

from NMCL on the Amazon storefront.[1] *Id.* ¶ 12. All sales of NMCL products on Amazon are made by NMCL dealers or independent resellers, so even if Plaintiff had purchased a Travel Berkey on Amazon, she did not purchase it from NMCL. *Id.* ¶ 14. Plaintiff has not identified from whom she purchased the Travel Berkey on Amazon.

**IV.     Plaintiff asserts claims on behalf of a putative nationwide class that cover products she did not purchase and that are not available for retail sale in California.**

The Complaint alleges NMCL made misstatements in connection with the marketing of NMCL products and asserts claims on behalf of a nationwide class for breach of express warranty, breach of implied warranty, and unjust enrichment. *See* Compl. ¶¶ 50-68. The nationwide class includes persons who do not reside in California, did not purchase NMCL products in California, and have no connection to California. *See id.* ¶ 38. In addition, Plaintiff has brought separate claims on behalf of a California sub-class under three California consumer protection statutes. *Id.* ¶¶ 69-116.[2]

Each of Plaintiff's claims purport to cover a range of NMCL products, not just the Travel Berkey that Plaintiff alleges she purchased. *See id.* ¶¶ 3, 50-116. While the Travel Berkey is sold by NMCL dealers online throughout the United States and in California, many of the products covered by Plaintiff's claims, including the Crown Berkey, Imperial Berkey, Royal Berkey, and Big Berkey, are not. Ex. 1 (Elliott Decl.) ¶ 16. NMCL policy expressly prohibits the sale of these products in California:

---

[1] Instead, the customer must navigate to a product listing on Amazon where the customer can then purchase the product from an NMCL dealer. Ex. 1 (Elliott Decl.) ¶ 12.

[2] The three consumer protection statutes are the California Unfair Competition Law, California False Advertising Law, and the Consumers Legal Remedies Act.

> **Policy on Berkey® Sales to California and Iowa**
>
> **California**
>
> Berkey® Multi-use systems are not to be sold to residents of California. Selling Multi-use systems to residents of California violates NMCL policies and is explicitly prohibited for our dealers' protection. It is the **sole** responsibility of each authorized Berkey® dealer to ensure that no Multi-use systems are sold to California residents either through their own website or through any marketplace platforms such as Amazon or EBay. Should any dealers sell and ship to California residents and by so doing, get into trouble with California regulators, such dealers will be on their own in terms of defending themselves against and dealing with such regulators. The following systems and any combination thereof are not approved for sale in the state of California as they are intended primarily for home use:
>
> - Big Berkey®, Royal Berkey®, Imperial Berkey®, and/or Crown Berkey® with Black Berkey® Purification Elements, and/or Berkey Earth® DE Filter Elements and/or Super Sterasyl™ Ceramic Filtration Elements

Ex. 1-A. The central allegations of the Complaint derive from purported testing performed on the Crown Berkey—a water filter system NMCL does not allow to be sold in California and that Plaintiff did not purchase. *See e.g.*, Compl. ¶¶ 27, 72, 100.

**V.   NMCL's websites specify Texas as the exclusive forum for any disputes involving use of the websites in connection with the purchase of NMCL products.**

The Complaint identifies several alleged representations on NMCL websites on which Plaintiff purportedly relied in making her purchase. *E.g.*, Compl. ¶¶ 15, 17, 20, 22. Plaintiff alleges that these representations form express contractual warranties that NMCL breached. *Id.* ¶¶ 4-5, 8-10, 52-53.

NMCL operates its websites from Texas. Ex. 1 (Elliott Decl.) ¶ 18. The NMCL websites include a set of terms and conditions governing use. *Id.* ¶ 21. One of those terms is a Texas choice of law and exclusive forum provision stating:

> Your use of this site shall be governed in all respects by the laws of the state of Texas, U.S.A., without regard to choice of law provisions[.] . . . You agree that jurisdiction over and venue in any legal proceeding directly or indirectly arising out of or relating to this site (including but not limited to the purchase of New Millennium Concepts, Ltd. products) shall be in the state or federal courts located in Dallas County, Texas.

*Id.* ¶ 21; Ex. 1-B (Terms & Conditions).[3]

## ARGUMENT

### I. Legal Standards.

"A plaintiff bears the burden of establishing personal jurisdiction over a defendant." *Elowson v. JEA Senior Living*, 2015 WL 2455695, at *1 (E.D. Cal. May 22, 2015) (Mendez, J.). "Where the motion to dismiss is based on written materials rather than an evidentiary hearing, the plaintiff must make a *prima facie* showing of jurisdictional facts to satisfy this burden." *Casa Blanca de Punta Mita v. Rayment*, 2019 WL 1299038, at *2 (S.D. Cal. Mar. 20, 2019) (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002)). "[A] '*prima facie*' showing means that the plaintiff has produced admissible evidence, which, if believed, is sufficient to establish the existence of personal jurisdiction." *Lamont v. Conner*, 2019 WL 1369928, at *3 (N.D. Cal. Mar. 26, 2019). Where, as here, the jurisdictional allegations are controverted, the plaintiff cannot "simply rest on the bare allegations of its complaint." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (internal quotation marks and citations omitted).[4]

### II. Plaintiff's claims should be dismissed for lack of personal jurisdiction.

Due process mandates that a court may only exercise personal jurisdiction over a defendant if there have been "minimum contacts" between that defendant and the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). There are two forms of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1785 (2017). General jurisdiction rests only on the defendant's contacts with the forum. *Id.* Specific jurisdiction requires a relationship between the defendant's contacts with the forum and the plaintiff's claims. *Id*. Neither general jurisdiction nor specific jurisdiction exists here.

---

[3] *See also, e.g.*, NMCL, Terms and Conditions, https://www.berkeybynmcl.com/terms-and-conditions/ (last visited April 23, 2021); NMCL Terms and Conditions, https://www.berkeywater.com/terms-and-conditions/ (last visited April 23, 2021).

[4] *See also Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (conclusory statements unsupported by specific facts are insufficient to establish personal jurisdiction).

### A. Plaintiff cannot establish general jurisdiction.

For general jurisdiction, the defendant's contacts with the state must be "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks and citation omitted). The "paradigm" forums in which an entity is "at home" are (1) its place of incorporation and (2) its principal place of business. *Id.* at 137. It is only in an "exceptional case" that contacts with another forum are "so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 139 n.19.

NMCL is not "at home" in California. It is a Texas limited partnership with a principal place of business in Bedford, Texas. Ex. 1 (Elliott Decl.) ¶ 2. And this is not an "exceptional" case where NMCL's contacts with California are "so substantial and of such a nature" that they render NMCL subject to general jurisdiction—NMCL has no offices, operations, or employees in California. The Court cannot exercise general jurisdiction over NMCL.

### B. Plaintiff cannot establish specific jurisdiction.

"The specific personal jurisdiction inquiry is 'defendant-focused,' with an emphasis 'on the relationship among the defendant, the forum, and the litigation.'" *Matus v. Premium Nutraceuticals, LLC*, 715 F. App'x 662 (9th Cir. 2018). Plaintiff must first show NMCL "purposefully direct[ed] [its] activities or consummate[d] some transaction with the forum or resident thereof" or "perform[ed] an act by which [it] purposely avail[ed] [itself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Electro Scan, Inc. v. Henrich*, 2019 WL 1299010, at *4 (E.D. Cal. Mar. 21, 2019) (Mendez, J.). Purposeful direction means the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Spy Optic, Inc. v. AreaTrend, LLC*, -- F. App'x ---, 2021 WL 225628, at *1 (9th Cir. Jan. 22, 2021). "Evidence of availment is shown by action taking place in the forum that invokes the benefits and protections of the laws in that forum." *Gemini Bioproducts, Inc. v. Serum Source Int'l, Inc.*, 2018 WL 1586355, at *3 (E.D. Cal. Apr. 2, 2018) (Mendez, J.). Plaintiff must then show that each claim "arise[s] out of or relate[s] to the defendant's contacts with the forum."

*Grossman v. Schell & Kampeter, Inc.*, 2019 WL 1298997, at *2 (E.D. Cal. Mar. 21, 2019) (Mendez, J.) (quoting *Bristol-Myers Squibb*, 137 S. Ct. at 1780).

### 1) Plaintiff cannot establish specific jurisdiction based on her purchase of a Travel Berkey.

Plaintiff's primary jurisdictional allegation is that she purchased a Travel Berkey from NMCL through NMCL's Amazon storefront in October 2019. *See* Compl. ¶¶ 6, 8. But NMCL did not have an Amazon storefront at the time of Plaintiff's alleged purchase. Ex. 1 (Elliott Decl.) ¶ 11. Even the storefront that currently exists cannot be used to purchase NMCL products; it is for informational purposes only. *Id.* ¶ 12. Further, NMCL does not make direct sales to consumers or sell its products on Amazon and did not do so in October 2019. *Id.* ¶¶ 5-6. Assuming Plaintiff purchased a Travel Berkey on Amazon as she alleges, Plaintiff would have purchased the product from (1) an independent dealer or (2) an online reseller. *Id.* ¶ 13. Plaintiff cannot establish specific jurisdiction over NMCL based on that purchase. *Matus*, 715 F. App'x at 663 (no personal jurisdiction over manufacturer based on plaintiff's purchase of manufacturer's product from a reseller).

Plaintiff makes several allegations about independent dealers being "Authorized Agents," but an agency theory does not give rise to personal jurisdiction for several reasons. First, agency is no longer a viable theory of specific jurisdiction. *See Delacruz v. Serv. Corp. Int'l*, 2018 WL 2287962, at *7 (E.D. Cal. May 18, 2018) (noting that agency theory of specific jurisdiction likely not viable after Supreme Court's ruling in *Daimler*); *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 982 (N.D. Cal. 2016) ("[T]he rationale set forth in *Daimler* . . . would seem to undermine application of [our agency test] even in specific jurisdiction cases."); *Navigators Spec. Ins. Co. v. Kapiolani Residential, LLC*, 2018 WL 1426608, at *7 (N.D. Cal. Mar. 22, 2018) (no personal jurisdiction over defendant based on the actions of broker in communicating with plaintiff in California). Second, there is no evidence Plaintiff purchased the Travel Berkey from an NMCL dealer rather than an online reseller that has no contractual relationship with NMCL. Third, Plaintiff has not made a *prima facie* case for an agency relationship through the conclusory

allegations in the Complaint.[5] *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017) ("Appellants fail to make out a *prima facie* case for any such agency relationship. Fundamental tenets of agency theory require that an agent 'act on the principal's behalf and subject to the principal's control.'"); *Infinite Peripherals, Inc. v. Custom S.P.A.*, 2020 WL 5045315, at *5 (C.D. Cal. Apr. 10, 2020) ("Plaintiff cannot establish jurisdiction by alleging bare jurisdictionally-triggering facts without providing some evidence of their existence."); *Delacruz*, 2018 WL 2287962, at *7 (control over "marketing and branding" does not establish agency).

Plaintiff's other jurisdictional allegations do not satisfy her burden either. NMCL's internet accessibility in the state cannot serve as the basis for specific jurisdiction. *Spy Optic*, 2021 WL 225628, at *2 (no purposeful direction through operation of "a universally accessible website"); *Matus*, 715 F. App'x at 663 (no purposeful direction based on alleged false advertising on website because website "was a global, universal publication without any express aiming at the California market"). Nor can Plaintiff establish specific jurisdiction by the mere fact she resides in California. *Spy Optic*, 2021 WL 225628, at *2 (no specific jurisdiction where defendant knew plaintiff was based in California); *Electro Scan*, 2019 WL 1299010 (no specific jurisdiction over claims where plaintiff's principal place of business was in California).

Plaintiff's claims also do not arise out of any action by NMCL in California. Instead, Plaintiff's claims are based on representations made on websites maintained in Texas and purported testing commissioned by Plaintiff's attorneys on a product (the Crown Berkey) that NMCL prohibits from being sold in California. "All of Defendant['s] actions [purportedly] giving rise to Plaintiff's claims occurred in Texas." *Gilmore-Webster v. Bayou City Homebuyers Inc.*, 2019 WL 1100492, at *5 (N.D. Cal. Mar. 8, 2019); *see also Matus*, 715 F. App'x at 663 ("intentional act" of "false advertising" occurred in Georgia where defendant published materials on website).

---

[5] *See* Ex. 1 (Elliott Decl.) ¶ 15.

**DEFENDANT NEW MILLENNIUM CONCEPTS, LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION – PAGE 8**

### 2) Plaintiff cannot establish specific jurisdiction over claims for products not sold in California.

The breadth of Plaintiff's claims creates additional jurisdictional problems. Plaintiff's claims cover NMCL products she did not purchase and that NMCL policy does not permit to be sold in California. Ex. 1 (Elliott Decl.) ¶¶ 16-17. The Court cannot exercise jurisdiction over claims for products not marketed for sale in California. Purposeful availment and direction would be clearly absent. *See Spy Optic*, 2021 WL 225628, at *2 (no personal jurisdiction where infringing products were not marketed for sale in California); *Alexandria Real Estate Equities, Inc. v. RUNLABS (UK) Ltd.*, 2019 WL 4221590, at *11 (N.D. Cal. Sept. 5, 2019) (no personal jurisdiction over trademark infringement claims where infringing emails "were circulated almost exclusively to recipients outside of California"); *cf. Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1034 (S.D. Cal. 2020) (no personal jurisdiction over class claims relating to sale of products outside California).

### 3) Plaintiff cannot establish specific jurisdiction over claims by non-California putative class members.

The Court cannot exercise specific jurisdiction over Plaintiff's nationwide class claims because the putative class includes persons who do not reside in California, did not purchase NMCL products in California, and have no connection to California.[6] Compl. ¶ 38. *Carpenter* is instructive on this point. There, the plaintiff brought claims against PetSmart on behalf of a nationwide class relating to his purchase of certain products at a PetSmart retail store in California. *Carpenter*, 441 F. Supp. at 1031. PetSmart moved to dismiss the nationwide class claims on personal jurisdiction grounds because they involved unnamed class members that purchased the products at issue outside of California. *Id.* at 1031-33.[7]

---

[6] To the extent the putative class includes California residents who purchased an NMCL product in California, the Court lacks jurisdiction over such claims for the same reasons it lacks jurisdiction over Plaintiff's claim. Further, personal jurisdiction must be analyzed on a claim-by-claim basis. *See Bristol-Myers Squibb*, 137 S. Ct. at 1781.

[7] The defendant styled the motion as a Rule 12(f) motion to strike the nationwide class allegations. *Carpenter*, 441 F. Supp. at 1031-32. The court commented: "Although the motion is framed as a motion to strike under [Rule] 12(f) . . . the motion is akin to a motion to dismiss any claims asserted on behalf of the non-California class members for lack of personal jurisdiction under Rule 12(b)(2)." *Id.* at 1032.

The court identified a three-way split in authority on personal jurisdiction as to unnamed class members' claims after the Supreme Court's ruling in *Bristol-Myers Squibb* that each plaintiff in a mass tort action must each independently establish a jurisdictional basis for their claims: (1) several courts have held nationwide class claims cannot proceed if the court would not have personal jurisdiction over the claims of unnamed class members; (2) others have held that personal jurisdiction issues concerning unnamed class members should be addressed at the class certification stage; and (3) some have held *Bristol-Myers Squibb* does not apply to class actions and jurisdiction over the named plaintiff's claims suffices. *Id.* at 1033-38. After reviewing the relevant authorities, the court dismissed the nationwide class claims for lack of personal jurisdiction based on the reasoning behind the *Bristol-Myers Squibb* ruling and stated:

> [O]ther courts' holdings that a court has personal jurisdiction over claims where there would not be personal jurisdiction if the claims were brought individually, for no other reason than that those same claims were brought as part of a class action, would fundamentally alter the existing landscape of personal jurisdiction jurisprudence, including *Bristol-Myers Squibb* itself.

*Id.* at 1037-38.

The Court should follow *Carpenter* and dismiss the putative nationwide class claims for lack of personal jurisdiction.

### C. The exercise of personal jurisdiction would not be reasonable.

Even if a plaintiff can show a basis for specific jurisdiction, "the exercise of jurisdiction must comport with fair play and substantial justice, i.e., be reasonable." *Electro Scan*, 2019 WL 1299010, at *4. In determining whether the exercise of jurisdiction is reasonable, a court balances: "1) the extent of the defendant's purposeful interjection into the forum state's affairs; 2) the burden on the defendant; 3) conflicts of law between the forum and defendant's home jurisdiction; 4) the forum's interest in adjudicating the dispute; 5) the most efficient judicial resolution of the dispute; 6) the plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum." *Sodexo Mgmt., Inc. v. Old Republic Ins. Co.*, 2021 WL 254240, at *6 (S.D. Cal. Jan. 26, 2021). These factors weigh in favor of dismissal.

The first factor "essentially parallels the purposeful-direction prong." *Good Job Games Bilism Yazilim Ve Pazarlama A.S. v. SayGames LLC*, 458 F. Supp. 3d 1202, 1211 (N.D. Cal. 2020). This factor weighs in favor of dismissal because Plaintiff cannot show purposeful availment or direction, most of the products covered by Plaintiff's claims are not available for sale in California, and only some of the putative class resides in California. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995) (exercise of jurisdiction unreasonable where this factor "weigh[ed] heavily" in defendant's favor); *Thiring v. Borden*, 2007 WL 1875656, at *8 (D. Or. June 27, 2007) (exercise of jurisdiction unreasonable where defendant had not "interjected itself into this forum").

The second factor also weighs in favor of dismissal because NMCL is a Texas company, headquartered in Texas, houses virtually all personnel in Texas, directs operations from Texas, and has no presence in California. *See* Ex. 1 (Elliott Decl.) ¶¶ 2-4, 18. *Calkins v. Bankers Life & Cas. Co.*, 2009 U.S. Dist. LEXIS 1206, at *14 (E.D. Cal. Jan. 9, 2009) (exercise of jurisdiction unreasonable where the defendant "presented evidence that he has had virtually no contacts with California").

The third factor is neutral. The location of the federal court in which Plaintiff's claims are heard plays no role in relevant choice of law questions.

The fourth factor weighs in favor of NMCL. The allegations in the Complaint focus on purported testing of a product (the Crown Berkey) that Plaintiff did not purchase and that NMCL does not allow to be sold in California. Further most of the other products Plaintiff challenges are likewise prohibited from sale in California. California has little interest in regulating products covered by Plaintiff's claims that are not available for sale in the state, and sales of NMCL products to non-resident members of the nationwide class. *See Carpenter*, 441 F. Supp. 3d at 1036 ("California has little interest in the claims of non-California plaintiffs arising out [of] purchases made outside California from a Delaware company with a principal place of business in Arizona.").

The fifth factor also weighs in favor of dismissal because Texas offers a more efficient forum for the resolution of the claims—the evidence and witnesses are located there. *See* Ex. 1

(Elliott Decl.) ¶ 3; *Tercica, Inc. v. Insmed Inc.*, 2006 WL 1626930, at *15 (N.D. Cal. June 9, 2006) (exercise of jurisdiction unreasonable where it was "presumed that most of the relevant witnesses and evidence are located in Virginia, where [defendant] is located").

With respect to the sixth factor, Plaintiff's interest in convenience is less important and less relevant in the context of a class action. *See Carpenter*, 441 F. Supp. 3d at 1038 & n.2 ("In reality, considering that a class representative rarely appears in court in these sorts of class actions, the only ones who would be inconvenienced would be Carpenter's attorneys, who are located in this district."). In addition, there is no doubt other forums can offer equally effective relief for the putative class.

Finally, Texas is an available, alternative forum that can exercise general jurisdiction over all of Plaintiff's claims.

The Court should dismiss Plaintiff's claims, even if it were to find a basis for specific jurisdiction, because jurisdiction over Plaintiff's claims would be unreasonable.

## CONCLUSION

For the reasons set forth above, NMCL respectfully requests that the Court dismiss Plaintiff's claims for lack of personal jurisdiction.

DATED:  April 23, 2021                                HAYNES AND BOONE, LLP

By: */s/ R. Thaddeus Behrens*
R. Thaddeus Behrens (SBN 196322)
thad.behrens@haynesboone.com
Michelle C. Jacobs* (TX Bar No. 24069984)
michelle.jacobs@haynesboone.com
William Marsh* (TX Bar No. 24092762)
william.marsh@haynesboone.com
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219-7672
Tel: (214) 651-5668
Fax: (214) 200-0886

*Admitted Pro Hac Vice*
*Attorneys for Defendant*
*New Millennium Concepts, Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 23, 2021.

By: /s/ R. Thaddeus Behrens
R. Thaddeus Behrens