HAYNES AND BOONE, LLP
R. Thaddeus Behrens/Bar No. 196322
thad.behrens@haynesboone.com
Michelle C. Jacobs*/TX Bar No. 24069984
michelle.jacobs@haynesboone.com
William Marsh*/TX Bar No. 24092762
william.marsh@haynesboone.com
2323 Victory Ave., Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 200-0886

**Admitted Pro Hac Vice*

*Attorneys for Defendant*
*New Millennium Concepts, Ltd.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TARA FARRELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>NEW MILLENNIUM CONCEPTS, LTD.,<br><br>Defendant. | **No. 2:21-cv-00075-JAM-KJN**<br><br>**Hon. John A. Mendez**<br><br>**DEFENDANT NEW MILLENNIUM CONCEPTS, LTD.'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE**<br><br>Date: June 22, 2021<br>Time: 1:30 p.m.<br>Courtroom: 6 |

**TO THE HONORABLE COURT, TO ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that, on June 22, 2021, at 1:30 PM. in Courtroom 6 of the United States District Court, Eastern District of California, Sacramento Division, located at Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California, 95814, Defendant New Millennium Concepts, Ltd. ("NMCL" or "Defendant") will and hereby does move to transfer this action to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). The Motion is based on this Notice; the Memorandum of Points and Authorities; the papers, pleadings, and documents on file herein, including, without limitation, the First Amended Class Action Complaint ("Complaint" or "Compl.") and the Declaration of Shawn Elliott and accompanying exhibits; and on such other and further evidence as may be presented at or before the hearing on this matter.

This motion is made following the conference of counsel pursuant to the Court's standing order which took place on April 16, 2021.

DATED: April 23, 2021

HAYNES AND BOONE, LLP

By: *R. Thaddeus Behrens*
R. Thaddeus Behrens (SBN 196322)
thad.behrens@haynesboone.com
Michelle C. Jacobs* (TX Bar No. 24069984)
michelle.jacobs@haynesboone.com
William Marsh* (TX Bar No. 24092762)
william.marsh@haynesboone.com
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219-7672
Tel: (214) 651-5668
Fax: (214) 200-0886

**Admitted Pro Hac Vice*
*Attorneys for Defendant*
*New Millennium Concepts, Ltd.*

HAYNES AND BOONE, LLP
R. Thaddeus Behrens/Bar No. 196322
thad.behrens@haynesboone.com
Michelle C. Jacobs*/TX Bar No. 24069984
michelle.jacobs@haynesboone.com
William Marsh*/TX Bar No. 24092762
william.marsh@haynesboone.com
2323 Victory Ave., Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 200-0886

**Admitted Pro Hac Vice*

*Attorneys for Defendant*
*New Millennium Concepts, Ltd.*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

TARA FARRELL, individually and on behalf of all others similarly situated,

Plaintiff(s),

v.

NEW MILLENNIUM CONCEPTS, LTD.,

Defendant.

**No. 2:21-cv-00075-JAM-KJN**

**Hon. John A. Mendez**
**Courtroom 6**

**DEFENDANT NEW MILLENNIUM CONCEPTS, LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..... 1

BACKGROUND ..... 2

I. NMCL is a Texas-based company that supplies water purification products. ..... 2

II. NMCL does not sell its products directly to consumers. ..... 2

III. Plaintiff alleges she purchased an NMCL product on Amazon. ..... 3

IV. Plaintiff asserts claims on behalf of a putative nationwide class that cover products she did not purchase and that are not available for retail sale in California. ..... 3

V. NMCL's websites specify Texas as the exclusive forum for any disputes involving use of the websites in connection with the purchase of NMCL products. ..... 4

ARGUMENT ..... 5

I. This action should be transferred to the Northern District of Texas under 28 U.S.C. § 1404(a). ..... 5

A. Plaintiff's claims are subject to the exclusive forum provision on NMCL's website. ..... 5

B. The Northern District of Texas is a more convenient forum, promotes efficiency, and better serves the interests of justice. ..... 7

1) The balance of relevant factors strongly favors transferring this case to the Northern District of Texas. ..... 7

2) Transfer is warranted because the personal jurisdiction obstacles in this Court are not present in the Northern District of Texas. ..... 10

CONCLUSION ..... 10

DEFENDANT NEW MILLENNIUM CONCEPTS, LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE – PAGE i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Billings v. Ryze Claim Sols., LLC*, 2018 WL 2762117 (E.D. Cal. June 8, 2018) .......... 10

*Bituminous Cas. Corp. v. Terex Corp.*, 2012 WL 13042616 (S.D. Tex. Oct. 15, 2012) .......... 7

*Camarena v. Vanderbilt Mortg. & Fin., Inc.*, 2015 WL 4036258 (N.D. Ill. July 1, 2015) .......... 9

*Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028 (S.D. Cal. 2020) .......... 10

*Carreon v. Nexus RVS, LLC*, 2020 WL 4059546 (E.D. Cal. July 20, 2020) (Mendez, J.) .......... 6

*In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919 (C.D. Cal. 2015) .......... 6

*Evergreen Media Holdings, LLC v. Stroock & Stroock & Lavan LLP*, 2015 WL 12765630 (C.D. Cal. Apr. 16, 2015) .......... 7

*Goldstein v. Cantiere Nautico Cranchi, S.P.A.*, 2010 WL 11586745 (S.D. Fla. Apr. 14, 2010) .......... 7

*Gupta v. Wipro Ltd.*, 2017 WL 1113316 (N.D. Cal. Mar. 24, 2017) .......... 11

*Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208 (S.D. Cal. 2013) .......... 9

*Joseph v. TrueBlue, Inc.*, 2014 WL 6908968 (E.D. Wash. Dec. 9, 2014) .......... 10

*Kyani, Inc. v. Jordan*, 2017 WL 11458072 (D. Idaho Aug. 3, 2017) .......... 7

*Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141 (C.D. Cal. 2009) .......... 11

*Neff v. Towbin Dodge LLC*, 2020 WL 6802188 (E.D. Cal. Nov. 19, 2020) (Mendez, J.) .......... 8, 9, 10

*Nguyen v. Barnes & Noble, Inc.*, 763 F.3d 1171 (9th Cir. 2014) .......... 7

*Pierce–Nunes v. Toshiba Am. Info. Sys., Inc.*, 2014 WL 4674666 (N.D. Cal. Sept. 15, 2014) .......... 10

*Sharpe v. AmeriPlan Corp.*, 2012 WL 13014337 (C.D. Cal. July 25, 2012) .......... 6

*Simpson v. State Farm Mut. Auto. Ins. Co.*,
2020 WL 3256904 (E.D. Cal. June 16, 2020) (Mendez, J.) ..................... 8

*Sussman v. Soleil Mgmt., LLC*,
2018 WL 6265005 (C.D. Cal. Nov. 16, 2018) ..................... 5

*Wenokur v. AXA Equitable Life Ins. Co.*,
2017 WL 4357916 (D. Ariz. Oct. 2, 2017) ..................... 11

**Statutes**

28 U.S.C. § 1404(a) ..................... 1, 5, 6, 7

**PRELIMINARY STATEMENT**

This action should be transferred to the Northern District of Texas under 28 U.S.C. § 1404(a). Plaintiff brings this putative nationwide class action against New Millennium Concepts, Ltd. ("NMCL"), a supplier of gravity-fed water filtration systems headquartered in Bedford, Texas. All of NMCL's operations flow through its Texas offices and Texas-based personnel. NMCL has no offices, operations, or personnel in California and does not make any direct retail sales of its products to California residents.

Plaintiff allegedly purchased an NMCL product called a Travel Berkey on Amazon from an unknown seller—not NMCL. Plaintiff asserts breach of warranty and related claims, alleging that NMCL's representations about the Travel Berkey and five other NMCL water filter systems on its website and elsewhere were false and misleading. Those representations were published by NMCL in Texas by its Texas-based personnel. In addition, the website on which NMCL's representations were published includes an exclusive forum provision mandating that "venue in any legal proceeding directly or indirectly arising out of or relating to this site (including but not limited to the purchase of [NMCL] products) shall be in the state or federal courts located in Dallas County, Texas." The same website also makes clear that any claims arising from NMCL's website are governed by the laws of Texas.

While Plaintiff allegedly resides in California, her claims have very little to do with California or the product she purchased. In fact, the Complaint is devoid of any allegations whatsoever about the performance of the Travel Berkey she allegedly purchased. Instead, Plaintiff's claims rest entirely upon purported testing her lawyers commissioned on a different NMCL product—the Crown Berkey—which Plaintiff never purchased and which NMCL ***expressly prohibits from being sold in California***. Likewise, NMCL prohibits most of the other water filter systems that Plaintiff challenges in this lawsuit from being sold in California.

Against this backdrop, the relevant factors governing this Court's discretion under 1404 weigh strongly in favor of transferring this case to the Northern District of Texas:

- Nearly all of the relevant witnesses concerning the representations at issue are located in Texas and none are located in California;

- Virtually all of the relevant documents and evidence are located in Texas and not in California;
- There are incurable personal jurisdiction obstacles to litigating the claims in this case in this Court that would not be present in Texas[1];
- Plaintiff's claims are subject to a forum selection clause deeming Texas the exclusive forum for resolving disputes;
- Plaintiff's claims focus on representations on NMCL's website and other marketing materials created in Texas by Texas-based personnel;
- NMCL has minimal, if any, contacts with California as it expressly prohibits the sale of most NMCL products within the state; and
- Texas maintains a strong interest in addressing a class action involving alleged wrongdoing by one of its companies.

Plaintiff may urge that a plaintiff's choice of forum weighs against transfer. But, in putative class actions, the plaintiff's choice of forum is entitled to little weight.

Because Plaintiff's claims are subject to an exclusive forum provision in Texas and because the convenience of the parties and witnesses and the interests of justice weigh strongly in favor of a venue transfer, the Court should transfer this case to the Northern District of Texas.

## BACKGROUND

### I. NMCL is a Texas-based company that supplies water purification products.

NMCL is an industry leader in gravity-fed water filtration and purification products and best known for various water filter systems it supplies under the "Berkey" brand name. *See* Compl. ¶ 3. It is a Texas limited partnership with a principal place of business in Texas. Ex. 1 (Elliott Decl.) ¶ 10. Texas is home to all its offices, managers, and virtually all personnel and operations. *Id.* ¶ 3. NMCL has no offices, operations, or employees in California. *Id.* ¶ 4.

### II. NMCL does not sell its products directly to consumers.

NMCL does not sell products directly to consumers and did not do so during the time relevant to the Complaint. *Id.* ¶¶ 5-6 Instead, NMCL sells its products to a network of independent dealers who then sell the products to retail customers. *Id.* ¶ 7. Unauthorized, independent resellers who have no contractual relationship with NMCL sometimes purchase

[1] Contemporaneously with this Motion, NMCL has filed a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

NMCL products from NMCL dealers and improperly sell those products on Amazon and other websites as "new". *Id.* ¶ 8. NMCL has also encountered unscrupulous online merchants that have sold counterfeit or imitation NMCL products. *Id.* ¶ 9.

## III. Plaintiff alleges she purchased an NMCL product on Amazon.

Plaintiff alleges she is a resident of Sacramento and purchased a "Berkey Travel System" through NMCL's Amazon storefront in October 2019. Compl. ¶ 8. But no such storefront existed at the time of her purchase. Ex. 1 (Elliott Decl.) ¶ 11. The Amazon storefront Plaintiff references in the Complaint was not created until 2020. Further, the Amazon storefront that now exists only provides information about NMCL products; an Amazon customer does not purchase products from NMCL on the Amazon storefront.[2] *Id.* ¶ 12. All sales of NMCL products on Amazon are made by NMCL dealers or independent resellers, so even if Plaintiff had purchased a Travel Berkey on Amazon, she did not purchase it from NMCL. *Id.* ¶ 14. Plaintiff has not identified from whom she purchased the Travel Berkey on Amazon.

## IV. Plaintiff asserts claims on behalf of a putative nationwide class that cover products she did not purchase and that are not available for retail sale in California.

The Complaint alleges NMCL made misstatements in connection with the marketing of NMCL products and asserts claims on behalf of a nationwide class for breach of express warranty, breach of implied warranty, and unjust enrichment. *See* Compl. ¶¶ 50-68. The nationwide class includes persons who do not reside in California, did not purchase NMCL products in California, and have no connection to California. *See id.* ¶ 38. In addition, Plaintiff has brought separate claims on behalf of a California sub-class under three California consumer protection statutes. *Id.* ¶¶ 69-116.[3]

Each of Plaintiff's claims purport to cover a range of NMCL products, not just the Travel Berkey that Plaintiff alleges she purchased. *See id.* ¶¶ 3, 50-116. While the Travel Berkey is sold

---

[2] Instead, the customer must navigate to a product listing on Amazon where the customer can then purchase the product from an NMCL dealer. Ex. 1 (Elliott Decl.) ¶ 12.

[3] The three consumer protection statutes are the California Unfair Competition Law, California False Advertising Law, and the Consumers Legal Remedies Act.

by NMCL dealers online throughout the United States and in California, many of the products covered by Plaintiff's claims, including the Crown Berkey, Imperial Berkey, Royal Berkey, and Big Berkey, are not. Ex. 1 (Elliott Decl.) ¶ 16. NMCL policy expressly prohibits the sale of these products in California:

**Policy on Berkey® Sales to California and Iowa**

**California**

Berkey® Multi-use systems are not to be sold to residents of California. Selling Multi-use systems to residents of California violates NMCL policies and is explicitly prohibited for our dealers' protection. It is the **sole** responsibility of each authorized Berkey® dealer to ensure that no Multi-use systems are sold to California residents either through their own website or through any marketplace platforms such as Amazon or EBay. Should any dealers sell and ship to California residents and by so doing, get into trouble with California regulators, such dealers will be on their own in terms of defending themselves against and dealing with such regulators. The following systems and any combination thereof are not approved for sale in the state of California as they are intended primarily for home use:

- Big Berkey®, Royal Berkey®, Imperial Berkey®, and/or Crown Berkey® with Black Berkey® Purification Elements, and/or Berkey Earth® DE Filter Elements and/or Super Sterasyl™ Ceramic Filtration Elements

Ex. 1-A. The central allegations of the Complaint derive from purported testing performed on the Crown Berkey—a water filter system NMCL does not allow to be sold in California and that Plaintiff did not purchase. *See e.g.*, Compl. ¶¶ 27, 72, 100.

## V. NMCL's websites specify Texas as the exclusive forum for any disputes involving use of the websites in connection with the purchase of NMCL products.

The Complaint identifies several alleged representations on NMCL websites on which Plaintiff purportedly relied in making her purchase. *E.g.*, Compl. ¶¶ 15, 17, 20, 22. Plaintiff alleges that these representations form express contractual warranties that NMCL breached. *Id.* ¶¶ 4-5, 8-10, 52-53.

NMCL operates its websites from Texas. Ex. 1 (Elliott Decl.) ¶ 18. The NMCL websites include a set of terms and conditions governing use. *Id.* ¶ 21. One of those terms is a Texas choice of law and exclusive forum provision stating:

> Your use of this site shall be governed in all respects by the laws of the state of Texas, U.S.A., without regard to choice of law provisions[.] . . . You agree that jurisdiction over and venue in any legal proceeding directly or indirectly arising out of or relating to this site (including but not limited to the purchase of New Millennium Concepts, Ltd. products) shall be in the state or federal courts located in Dallas County, Texas.

*Id.* ¶ 21; Ex. 1-B (Terms & Conditions).[4]

## ARGUMENT

### I. This action should be transferred to the Northern District of Texas under 28 U.S.C. § 1404(a).

The Court has broad discretion to transfer venue under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses" and "in the interest of justice." "A court may transfer a case pursuant to 28 U.S.C. § 1404(a) without deciding whether the court has personal jurisdiction over a defendant or whether venue is proper." Sussman v. Soleil Mgmt., LLC, 2018 WL 6265005, at *2 (C.D. Cal. Nov. 16, 2018). The Court should transfer this case to the Northern District of Texas, a proper venue, under 28 U.S.C. § 1404(a) because (1) Plaintiff's claims are subject to an exclusive forum provision and (2) Texas is the more convenient and appropriate forum.

#### A. Plaintiff's claims are subject to the exclusive forum provision on NMCL's website.

If a plaintiff's claims fall within a valid exclusive forum provision, "the court should transfer the case to the forum specified in that clause" under 28 U.S.C. § 1404(a), barring "extraordinary circumstances."[5] *Carreon v. Nexus RVS, LLC*, 2020 WL 4059546, at *1 (E.D. Cal. July 20, 2020) (Mendez, J.) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of*

---

[4] *See also, e.g.*, NMCL, Terms and Conditions, https://www.berkeybynmcl.com/terms-and-conditions/ (last visited April 23, 2021); NMCL Terms and Conditions, https://www.berkeywater.com/terms-and-conditions/ (last visited April 23, 2021).

[5] Generally, forum selection provisions are not set aside unless the plaintiff can "clearly show that enforcement would be unreasonable and unjust.'" *Carreon*, 2020 WL 4059546, at *2 (internal quotation marks and citation omitted). A forum selection clause is only considered unreasonable and unjust in three situations: "(1) where the clause was a result of fraud or overreaching, (2) 'if enforcement would contravene a strong public policy of the forum in which suit is brought,' and (3) if it is so inconvenient that it deprives a party of their day in court." *Id.* None of these situations is at issue here.

*Tex.*, 571 U.S. 49, 63 (2013)).

Plaintiff's claims are based on representations found on NMCL websites. *See, e.g.*, Compl. ¶¶ 15, 17, 20, 22, 99. She alleges she relied on these representations and that they form the basis of contractual express warranties. *E.g.*, i*d.* ¶ 52 ("These representations constitute express warranties and became part of the basis of the bargain between Plaintiff and members of the Class, on one hand, and Defendant, on the other hand."); *see also In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 984 (C.D. Cal. 2015) ("An express warranty is a term of the parties' contract."). The terms and conditions governing the NMCL websites include an exclusive Texas forum provision stating that "venue in any legal proceeding directly or indirectly arising out of or relating to this site (including but not limited to the purchase of [NMCL] products) shall be in the state or federal courts located in Dallas County, Texas." Ex. 1 (Elliott Decl.) ¶ 21; Ex. 1-B (Terms & Conditions); *Sharpe v. AmeriPlan Corp.*, 2012 WL 13014337, at *6 (C.D. Cal. July 25, 2012) (language in provision stating "[v]enue . . . shall be Dallas County, Texas" "'clearly designat[ed]' Texas as the exclusive forum"). This provision forms part of a valid and binding browsewrap agreement if Plaintiff had actual or constructive notice of the website's terms and conditions. *Nguyen v. Barnes & Noble, Inc.*, 763 F.3d 1171, 1176 (9th Cir. 2014); *Kyani, Inc. v. Jordan*, 2017 WL 11458072, at *6 (D. Idaho Aug. 3, 2017). The exclusive forum provision on NMCL's websites encompasses Plaintiff's claims.

To the extent Plaintiff attempts to deny notice of the exclusive forum provision, she is nevertheless estopped from denying its application in this case because she claims statements on the website were part of "the basis of the bargain" and provide the basis for her contractual warranty claims. She cannot simultaneously claim the benefit of the alleged contractual warranties on the websites while denying other applicable contractual terms and conditions. *See Evergreen Media Holdings, LLC v. Stroock & Stroock & Lavan LLP*, 2015 WL 12765630, at *3 (C.D. Cal. Apr. 16, 2015) (non-signatory plaintiff estopped from avoiding arbitration provision in engagement letter because plaintiff's claims were based on obligations imposed on defendant by the engagement letter); *Goldstein v. Cantiere Nautico Cranchi, S.P.A.*, 2010 WL 11586745, at *3 (S.D. Fla. Apr. 14, 2010) ("Plaintiff claims he never received the limited warranty containing the

forum selection clause and that the forum selection clause is therefore unenforceable. Plaintiff's entire suit, however, is based on breach of warranty claims. Plaintiff may not avoid the forum selection clause while availing himself of the benefits of the warranty."); *Bituminous Cas. Corp. v. Terex Corp.*, 2012 WL 13042616, at *2 (S.D. Tex. Oct. 15, 2012) (plaintiff estopped from avoiding forum selection provision where warranty claims were based on terms of the agreement).

Pursuant to the exclusive forum provision, the Court should transfer the case to the Northern District of Texas.

**B. The Northern District of Texas is a more convenient forum, promotes efficiency, and better serves the interests of justice.**

Under 28 U.S.C. § 1404(a), "the district court has discretion to change venue based on 'individualized, case-by-case consideration of convenience and fairness.'" *Neff v. Towbin Dodge LLC*, 2020 WL 6802188, at *2 (E.D. Cal. Nov. 19, 2020) (Mendez, J.). The convenience of the parties and witnesses "is often considered the most important factor when deciding a motion to transfer." *Id.* "The court may also consider factors such as: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Id.* After weighing these factors, "the court must decide whether, on balance, a transfer would serve the convenience of the parties and witnesses' and otherwise promote 'the interests of justice." *Simpson v. State Farm Mut. Auto. Ins. Co.*, 2020 WL 3256904, at *4 (E.D. Cal. June 16, 2020) (Mendez, J.).

**1) The balance of relevant factors strongly favors transferring this case to the Northern District of Texas.**

The key factors governing the Court's discretion strongly favor a convenience transfer to the Northern District of Texas:

***First***, the location of the witnesses favors transfer to Texas. Relevant witnesses involved in the development of NMCL products and marketing efforts or responsible for NMCL's websites are or were employed by or affiliated with NMCL and generally reside in the Northern District of Texas.[6] *E.g.*, *Neff*, 2020 WL 6802188, at *2 (in a TCPA case involving phone call to plaintiff in California, "[I]t seems likely that many relevant witnesses will be [employees of the defendant] based in Nevada where [the defendant] operates."). None of these witnesses are located in California.

***Second***, the location of relevant documents and evidence also favors transfer to Texas. The vast majority of relevant documents and other evidence are located at NMCL's headquarters in Bedford, Texas within the Northern District of Texas.[7] *E.g.*, *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1216 (S.D. Cal. 2013) (this factor "slightly favor[ed]" transfer where "most of the evidence in this litigation will be derived from [Defendant's] corporate records" even though "advances in technology have made it easy for documents to be transferred to different locations"). None of NMCL's relevant documents or evidence are located in California. Indeed, the crux of Plaintiff's Complaint focuses on testing of an NMCL product that is not even sold in California.

***Third***, NMCL's lack of contacts with California works against Plaintiff's efforts to bring a nationwide class action here against NMCL. NMCL has no relevant offices, operations, or employees in California and prohibits the sale of most of the products covered by Plaintiff within the state.[8] *Neff*, 2020 WL 6802188, at *3 ("The only contacts related to the cause of action in the Eastern District, are that Plaintiff is a resident of this district and allegedly received the communications here. . . . Given that this is a putative class action, similar contacts might be found across the country.").

***Fourth***, the relevant agreements and conduct are Texas-based and weigh in favor of a

---

[6] Ex. 1 (Elliott Decl.) ¶ 19.

[7] Ex. 1 (Elliott Decl.) ¶ 20.

[8] Ex. 1 (Elliott Decl.) ¶¶ 4, 16.

Texas forum. Plaintiff's claims focus on representations on NMCL's website and other marketing materials created in Texas by Texas-based personnel and governed by a Texas choice of law and exclusive forum provision.[9] *E.g.*, *Neff*, 2020 WL 6802188, at *3; *Camarena v. Vanderbilt Mortg. & Fin., Inc.*, 2015 WL 4036258, at *4 (N.D. Ill. July 1, 2015) (transferring TCPA case to Tennessee because "[t]he case concerns the allegedly unlawful behavior of a Tennessee corporation. The material events occurred in that state, in the sense that the automated calls were planned and originated there."); *Joseph v. TrueBlue, Inc.*, 2014 WL 6908968, at *3 (E.D. Wash. Dec. 9, 2014) (transferring case to Washington, in part because "the supposed[] violat[ions] . . . of the TCPA originated from the Lead Defendant's headquarters.").

***Fifth***, Texas has a greater interest in resolving this dispute. Most of the products at issue are not sold in California, the alleged testing results on which Plaintiff relies involve a product that cannot be sold in California, and many of the claims of nationwide class members have nothing to do with California. California has no interest in those claims. In contrast, NMCL is a Texas company based in Texas. Texas has a strong interest in a nationwide class action brought against NMCL. *E.g.*, *Pierce–Nunes v. Toshiba Am. Info. Sys., Inc.*, 2014 WL 4674666, at *6 (N.D. Cal. Sept. 15, 2014) ("CDCA has a greater interest in the present controversy because the action involves a business that is headquartered in that district and that employs residents of that district"); *Billings v. Ryze Claim Sols., LLC*, 2018 WL 2762117, at *15 (E.D. Cal. June 8, 2018) (Indiana had "a substantial interest because one of its corporations is the subject of a class action" despite majority of claims being premised on California state law).

None of the convenience or efficiency factors suggest this action should stay in California or tilt the scales towards keeping the action here. "[B]ecause Plaintiff has chosen to represent a class, [her] choice of forum, and its convenience for [her], is given less weight." *Neff*, 2020 WL 6802188, at *4*; see also Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1038 n.2 (S.D. Cal. 2020) (noting little inconvenience to named plaintiff from California "considering that a class representative rarely appears in court in these sorts of class actions"). The Texas choice of law

[9] Ex. 1 (Elliott Decl.) ¶ 21.

provisions on the NMCL websites call for application of Texas law, but even if California law were to apply, it is well-established that "courts in [one state] are fully capable of applying [another state's] substantive law." *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1148 (C.D. Cal. 2009); *Gupta v. Wipro Ltd.*, 2017 WL 1113316, at *4 (N.D. Cal. Mar. 24, 2017) (court's familiarity with substantive law was neutral factor in transfer analysis because "other federal courts are fully capable of applying California law").

The Court should transfer this action to the Northern District of Texas on convenience grounds.

**2) Transfer is warranted because the personal jurisdiction obstacles in this Court are not present in the Northern District of Texas.**

Plaintiff's claims face incurable personal jurisdiction defects if they remain in California. NMCL did not sell any products to Plaintiff or the putative class members in California (or at all) and bars the sale in California of most of the products on which Plaintiff's class claims are based. *See* Dkt. No. 16 (MTD for Lack of Personal Jurisdiction). These facts preclude personal jurisdiction over Plaintiff's claims and the claims of many individual class members. In addition, the Court would not be able to resolve the class claims on a nationwide basis because it lacks jurisdiction over the claims of putative class members outside California. *See id*. Transfer solves these problems and promotes efficiency and the interests of justice by permitting the claims to be litigated in a single forum where personal jurisdiction is not disputed. *See Wenokur v. AXA Equitable Life Ins. Co.*, 2017 WL 4357916, at *4, n. 4 (D. Ariz. Oct. 2, 2017) (transferring case where court noted "it lack[ed] personal jurisdiction over the claims of putative class members with no connection to Arizona and therefore would not be able to certify a nationwide class.").

## CONCLUSION

For the reasons set forth above, NMCL respectfully requests that the Court transfer this action to the Northern District of Texas.

DATED: April 23, 2021

HAYNES AND BOONE, LLP

By: *R. Thaddeus Behrens*

R. Thaddeus Behrens (SBN 196322)
thad.behrens@haynesboone.com
Michelle C. Jacobs* (TX Bar No. 24069984)
michelle.jacobs@haynesboone.com
William Marsh* (TX Bar No. 24092762)
william.marsh@haynesboone.com
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219-7672
Tel: (214) 651-5668
Fax: (214) 200-0886

**Admitted Pro Hac Vice*

*Attorneys for Defendant New Millennium Concepts, Ltd.*

DEFENDANT NEW MILLENNIUM CONCEPTS, LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE – PAGE 11

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 23, 2021.

By: */s/ R. Thaddeus Behrens*
R. Thaddeus Behrens