1   HAYNES AND BOONE, LLP
    R. Thaddeus Behrens/Bar No. 196322
2   thad.behrens@haynesboone.com
    Michelle C. Jacobs*/TX Bar No. 24069984
3   michelle.jacobs@haynesboone.com
    William Marsh*/TX Bar No. 24092762
4   william.marsh@haynesboone.com
    2323 Victory Ave., Suite 700
5   Dallas, TX 75219
    Telephone: (214) 651-5000
6   Facsimile: (214) 200-0886

7   *Admitted Pro Hac Vice

8   Attorneys for Defendant
    New Millennium Concepts, Ltd.
9

                    **UNITED STATES DISTRICT COURT**
10                  **EASTERN DISTRICT OF CALIFORNIA**

11  TARA FARRELL, individually and on       **No. 2:21-cv-00075-JAM-KJN**
    behalf of all others similarly situated, **Hon. John A. Mendez**
12              Plaintiff(s),
                                             **DEFENDANT NEW MILLENNIUM**
13          v.                               **CONCEPTS, LTD.'S NOTICE OF**
                                             **MOTION AND MOTION TO DISMISS**
14  NEW MILLENNIUM CONCEPTS, LTD.,           **FOR FAILURE TO STATE A CLAIM**
                Defendant.
15                                           Date:          June 22, 2021
                                             Time:          1:30 p.m.
16                                           Courtroom:     6

17

18

19

20

21

22

23

24

25

26

27

28

**TO THE HONORABLE COURT, TO ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that, on June 22, 2021, at 1:30 P.M. in Courtroom 6 of the United States District Court, Eastern District of California, Sacramento Division, located at Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California, 95814, Defendant New Millennium Concepts, Ltd. ("NMCL" or "Defendant") will and hereby does move this Court for an order dismissing the claims asserted against NMCL by Plaintiff Tara Farrell ("Plaintiff") in the First Amended Class Action Complaint ("Complaint") pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) for failure to state a claim.

This Motion is made following the conference of counsel pursuant to the Court's standing order which took place on April 16, 2021. This Motion is based on this Notice; the Memorandum of Points and Authorities; the papers, pleadings, and documents on file herein, including, without limitation, the Complaint; and on such other and further evidence as may be presented at or before any hearing on this matter.

DATED:  April 23, 2021                    HAYNES AND BOONE, LLP


                                          By:     */s/ R. Thaddeus Behrens*
                                          R. Thaddeus Behrens (SBN 196322)
                                          thad.behrens@haynesboone.com
                                          Michelle C. Jacobs* (TX Bar No. 24069984)
                                          michelle.jacobs@haynesboone.com
                                          William Marsh* (TX Bar No. 24092762)
                                          william.marsh@haynesboone.com
                                          Haynes and Boone, LLP
                                          2323 Victory Avenue, Suite 700
                                          Dallas, TX 75219-7672
                                          Tel: (214) 651-5668
                                          Fax: (214) 200-0886

                                          *Admitted Pro Hac Vice*
                                          *Attorneys for Defendant*
                                          *New Millennium Concepts, Ltd.*

HAYNES AND BOONE, LLP
R. Thaddeus Behrens/Bar No. 196322
thad.behrens@haynesboone.com
Michelle C. Jacobs*/TX Bar No. 24069984
michelle.jacobs@haynesboone.com
William Marsh*/TX Bar No. 24092762
william.marsh@haynesboone.com
2323 Victory Ave., Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 200-0886

*Admitted Pro Hac Vice

Attorneys for Defendant
New Millennium Concepts, Ltd.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA FARRELL, individually and on behalf of all others similarly situated, | No. 2:21-cv-00075-JAM-KJN |
| Plaintiff(s), | **Hon. John A. Mendez**<br>**Courtroom 6** |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |
| NEW MILLENNIUM CONCEPTS, LTD., | |
| Defendant. | |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

BACKGROUND ................................................................................................................ 2

ARGUMENT ..................................................................................................................... 3

I.      Legal Standards. ................................................................................................... 3

II.     Each of Plaintiff's claims must be dismissed because she has failed to plead with particularity that *any* of the Challenged Representations are false. ................................... 6

    A.      Each of Plaintiff's claims must be dismissed because she tested the wrong product and therefore fails to allege that NMCL's representations regarding the Travel Berkey she purchased were false. ........................................................... 6

    B.      Plaintiff fails to state a claim with respect to the Contaminant-Reduction Representation because it is a nonspecific statement incapable of falsity. .............. 8

III.    Plaintiff's claims under the UCL, CLRA, and FAL must be dismissed for failure to adequately plead the requisite element of knowledge of a misrepresentation. ................... 9

IV.     Plaintiff's unjust enrichment and UCL claims must be dismissed because legal remedies are available. ...................................................................................... 11

V.      Punitive damages are not available for Plaintiff's claims. ................................. 12

CONCLUSION ................................................................................................................ 13

1

# TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

*Abramson v. Marriott Ownership Resorts, Inc.*,
  155 F. Supp. 3d 1056 (C.D. Cal. 2016) ............................................................ 10

5

*Ashcroft v. Iqbal*,

6

  556 U.S. 662 (2009) ............................................................................................ 3

7

*Augustine v. Talking Rain Beverage Co.*,
  386 F. Supp. 3d 1317 (S.D. Cal. 2019) ............................................................... 7

8

*Ball v. Johanns*,

9

  2008 WL 269069 (E.D. Cal. Jan. 29, 2008) ...................................................... 11

10

*Brasley v. City of Stockton*,

11

  2021 WL 600949 (E.D. Cal. Feb. 16, 2021) .................................................. 3, 4

12

*Brownfield v. Bayer Corp.*,
  2009 WL 1953035 (E.D. Cal. July 6, 2009) .................................................. 4, 7

13

*Cirulli v. Hyundai Motor Co.*,

14

  2009 WL 5788762 (C.D. Cal. June 12, 2009) .................................................... 9

15

*Coburn v. Bank of New York Mellon, N.A.*,

16

  2011 WL 1103470 (E.D. Cal. Mar. 22, 2011) .................................................... 4

17

*Dyson, Inc. v. Garry Vacuum, LLC*,
  2011 WL 13268002 (C.D. Cal. Jan. 4, 2011) .................................................... 7

18

*Eckler v. Wal-Mart Stores, Inc.*,

19

  2012 WL 5382218 (S.D. Cal. Nov. 1, 2012) .................................................. 6, 7

20

*Enea v. Mercedes-Benz USA, LLC*,

21

  2019 WL 402315 (N.D. Cal. Jan. 31, 2019) ............................................ 4, 10, 11

22

*Forty Niner Truck Plaza, Inc. v. Shank*,
  2011 WL 4386299 (E.D. Cal. Sept. 20, 2011) ................................................. 11

23

*Gardner v. Safeco Ins. Co. of Am.*,

24

  2014 WL 2568895 (N.D. Cal. June 6, 2014) ..................................................... 12

25

*Goel v. Coalition Am. Holding Co.*,

26

  2011 WL 13128300 (C.D. Cal. July 5, 2011) .................................................... 12

27

*Grimm v. APN Inc.*,
  2017 WL 6398148 (C.D. Cal. Aug. 31, 2017) ............................................... 4, 7

28

*In re Hydroxycut Mktg. & Sales Practices Litig.*,
   801 F. Supp. 2d 993 (S.D. Cal. 2011) ............................................................... 5

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ................................................................... 4, 5

*Kerkorian v. Samsung Elecs. Am., Inc.*,
   2019 WL 6918293 (E.D. Cal. Dec. 19, 2019) ............................................... 4

*Loomis v. Slendertone Distribution, Inc.*,
   420 F. Supp. 3d 1046 (S.D. Cal. 2019) ....................................................... 2

*Mort v. United States*,
   86 F.3d 890 (9th Cir. 1996) ...................................................................... 12

*In re Nexus 6P Prods. Liab. Litig.*,
   293 F. Supp. 3d 888 (N.D. Cal. 2018) ......................................................... 7

*Padilla v. Costco Wholesale Corp.*,
   2013 WL 195769 (N.D. Ill. Jan. 16, 2013) ................................................... 7

*Petkevicius v. NBTY, Inc.*,
   2017 WL 1113295 (S.D. Cal. Mar. 24, 2017) ............................................. 12

*Punian v. Gillette Co.*,
   2015 WL 4967535 (N.D. Cal. Aug. 20, 2015) ............................................. 10

*Rahman v. Mott's LLP*,
   2014 WL 325241 (N.D. Cal. Jan. 29, 2014) ................................................. 4

*Roper v. Big Heart Pet Brands, Inc.*,
   2020 WL 7769819 (E.D. Cal. Dec. 30, 2020) ............................................. 12

*Schroeder v. United States*,
   569 F.3d 956 (9th Cir. 2009) .................................................................... 12

*In re Sony Grand WEGA KDF–E A10/A20 Series Rear Projection HDTV Television Litig.*,
   758 F. Supp. 2d 1077 (S.D. Cal. 2010) .................................................. 9, 10

*Spector v. Mondelez Int'l, Inc.*,
   2017 WL 4283711 (N.D. Ill. Sept. 27, 2017) ............................................ 7, 8

*Tomek v. Apple Inc.*,
   636 F. App'x 712 (9th Cir. 2016) .............................................................. 10

*Vess v. Ciba–Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ............................................................. 4, 7, 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Vitt v. Apple Computer, Inc.*,
  469 F. App'x 605 (9th Cir. 2012) ............................................................. 8

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,
  505 F. Supp. 2d 609 (N.D. Cal. 2007) .................................................. 12

*Weiss v. Trader Joe's Co.*,
  2018 WL 6340758 (C.D. Cal. Nov. 20, 2018), *aff'd sub nom. Weiss v. Trader
  Joe's*, 838 F. App'x 302 (9th Cir. 2021) ............................................. 5, 8

*Wilson v. Hewlett Packard Co.*,
  668 F.3d 1136 (9th Cir. 2012) ......................................................... 10, 11

**PRELIMINARY STATEMENT**

New Millennium Concepts, Ltd. ("NMCL") is a family-owned business that has provided industry-leading water purification systems for twenty-two years. NMCL's water purification systems use proprietary technology to dramatically reduce contaminants in water, making non-potable water potable. NMCL has verified the performance of its water purification systems numerous times through independent, third-party laboratory testing, and NMCL publishes the results from those tests on its website so customers can review the raw data regarding the performance of its products. Never before has any regulatory authority or lawsuit challenged the performance of NMCL's products.

But now, Plaintiff—who purchased only a single water purification system sold by NMCL—purports to bring this nationwide class action lawsuit on behalf of individuals who purchased one of *many* water purification products sold by NMCL. Plaintiff alleges NMCL misrepresented how its water purification systems perform, and she bases her claims on laboratory testing commissioned by her counsel. But Plaintiff's claims suffer a fatal defect—she tested the wrong product. Not only did Plaintiff fail to test the product she actually purchased, she tested a product NMCL prohibits from sale in California, where she resides. Because of the disconnect between Plaintiff's factual allegations and her claims, Plaintiff has failed to adequately allege that NMCL made any misrepresentations regarding its products, which requires dismissal of all of her claims.

In addition, Plaintiff's UCL, CLRA, and FAL claims should be dismissed for another, independent reason—Plaintiff failed to adequately plead NMCL's knowledge that its representations were allegedly false. Plaintiff fails to identify any studies, tests, or complaints that would have caused NMCL to know its representations were allegedly false—much less any studies, tests, or complaints about which NMCL was aware at the time the representations were made.

For these and other reasons discussed below, the Court should dismiss all of Plaintiff's claims in their entirety.

**BACKGROUND**

NMCL is a Texas company that manufactures and distributes gravity-fed water purification systems. Plaintiff allegedly purchased a Travel Berkey, an NMCL water purification system, in or around October 2019 from Amazon. Compl. ¶ 8. The packaging on the product she purchased describes the rates at which it removes certain contaminants from water. *Id.* ¶ 19. The packaging also refers customers to NMCL's website, where customers may view third-party laboratory test results confirming the rates at which NMCL's products remove contaminants from water. *Id.*[1]

Plaintiff alleges that the marketing and labeling for the Travel Berkey—as well as for five other NMCL water purification systems Plaintiff never purchased—made the following three alleged misrepresentations regarding the products:

- The Purification Representation: Plaintiff claims NMCL misrepresented that the products constitute "purification" systems when they supposedly constitute only water "filtration" systems. Compl. ¶ 4.

- The Contaminant-Reduction Representation: Plaintiff claims NMCL misrepresented that the products "remove" or "dramatically" or "greatly" "reduce" contaminants. *Id.* Plaintiff also claims NMCL misrepresented the rates at which its products remove certain contaminants. *Id.* ¶ 17.

- The Longevity Representation: Plaintiff claims NMCL misrepresented that the products purify and/or filter water for 3,000 gallons per purification element. *Id.* ¶ 4.

Plaintiff fails, however, to allege any specific facts showing that the Travel Berkey she purchased fails to perform consistent with the challenged representations. Rather, Plaintiff's claims rest entirely on testing that Plaintiff's lawyers purportedly conducted *after* Plaintiff

---

[1]  *See Black Berkey® Purification Elements Test Results*, New Millennium Concepts, Ltd., http://berkeywaterkb.com/black-berkey-purification-elements-test-results/ (last visited April 23, 2021). Under the doctrine of incorporation-by-reference, the Court may properly consider the test results on NMCL's website because Plaintiff references and relies on other areas of the website throughout the Complaint. *See Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp. 3d 1046, 1063 (S.D. Cal. 2019) ("Incorporation-by-reference is a proper vehicle to allow the Court to consider the exhibits containing printouts from Defendant's website and Amazon.com listing [in deciding Plaintiff's Rule 12(b)(6) motion]. Plaintiff refers [sic] and uses screenshots from both webpages to support her Complaint.").

1  purchased the product and on a *different* NMCL product—the Crown Berkey System—which

2  Plaintiff did not purchase and is not even available for retail sale in California. NMCL expressly

3  prohibits the Crown Berkey System from being sold in California, as indicated on its website:[2]



## Policy Regarding Sales of Berkey® Products to Residents of California and Iowa

**California residents:**

Berkey® multi-use systems, shower filters, shower filters with massage heads, and shower filter cartridges are not sold to residents of California. These include:

- Big Berkey® System
- Royal Berkey® System
- Imperial Berkey® System
- Crown Berkey™ System
- Berkey Shower Filter™
- Berkey Shower Filter™ with Massage Head
- Berkey® Inline Shower Filter With Berkey® Easy-Replace Shower Filter Cartridge
- Berkey® Easy-Replace Shower Filter Cartridge

13  The Complaint offers no explanation as to why Plaintiff failed to test the product she allegedly

14  purchased.

15  The Complaint also fails to allege any facts indicating that NMCL knew any of its

16  representations were allegedly false. Plaintiff does not identify any studies, tests, or complaints—

17  or any other information, for that matter—that could give rise to any inference that NMCL knew

18  any of its representations allegedly were not true.

**ARGUMENT**

**I.   Legal Standards.**

21  To sustain her claims, Plaintiff must "plead enough facts to state a claim for relief that is

22  plausible on its face." *Brasley v. City of Stockton*, 2021 WL 600949, at *2 (E.D. Cal. Feb. 16,

23  2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations

24  omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

25  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

26  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court "must accept as true all of the allegations

---

[2] *See Policy Regarding Sales of Berkey® Products to Residents of California and Iowa*, New Millennium Concepts, Ltd., https://www.berkeywater.com/ca-ia-sales-policy (last visited April 23, 2021).

1  contained in a complaint," but should not "accept as true a legal conclusion couched as a factual

2  allegation." *Brasley*, 2021 WL 600949, at *2 (citing *Iqbal*, 556 U.S. at 678).

3      Allegations grounded in fraud, however, "must satisfy the traditional plausibility standard

4  of Rules 8(a) and 12(b)(6), *as well as* the heightened pleading requirements of Rule 9(b)." *Enea v.*

5  *Mercedes-Benz USA, LLC*, 2019 WL 402315, at *5 (N.D. Cal. Jan. 31, 2019) (emphasis added).

6  Under Rule 9(b), "[a]verments of fraud must be accompanied by the 'who, what, where, when,

7  and how' of the misconduct charged." *Brownfield v. Bayer Corp.*, 2009 WL 1953035, at *5 (E.D.

8  Cal. July 6, 2009) (quoting *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

9  In addition to identifying the particulars of the alleged fraud, Rule 9(b) requires that a plaintiff

10  "set forth what is false or misleading about a statement, and why it is false.'" *Id*. Further, to be

11  entitled to punitive damages, plaintiffs "must allege *specific acts* of fraud, oppression or malice."

12  *Coburn v. Bank of New York Mellon, N.A.*, 2011 WL 1103470, at *7 (E.D. Cal. Mar. 22, 2011)

13  (emphasis added).

14      In cases like this, where a plaintiff's "core allegation" is that a defendant made "deceptive

15  and fraudulent misrepresentations about the contents of its products," any claim arising from this

16  core allegation is "principally grounded in fraud" and must be pled with particularity under Rule

17  9(b). *Grimm v. APN Inc.*, 2017 WL 6398148, at *6 (C.D. Cal. Aug. 31, 2017). Further, where

18  "fraud is not a necessary element of a claim," but a plaintiff nonetheless "allege[s] a unified

19  course of fraudulent conduct," the complaint "as a whole must satisfy the particularity

20  requirement of Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). As

21  such, "[t]he Ninth Circuit has specifically held that Rule 9(b)'s heightened pleading standard

22  applies to claims for violation of the UCL, FAL, or CLRA that are grounded in fraud." *Rahman v.*

23  *Mott's LLP*, 2014 WL 325241, at *8 (N.D. Cal. Jan. 29, 2014). Courts have further held that

24  where the same "unified course of fraudulent conduct" gives rise to common law claims,

25  including the ones Plaintiff asserts in the Complaint, those claims must likewise meet the

26  strictures of Rule 9(b). *See Kerkorian v. Samsung Elecs. Am., Inc.*, 2019 WL 6918293, at *3

27  (E.D. Cal. Dec. 19, 2019) (applying Rule 9(b) to UCL, FAL, "negligent misrepresentation, . . .

28  [and] breach of implied warranty" claims because "each of these claims rely on a unified course

of fraudulent conduct."); *Weiss v. Trader Joe's Co.*, 2018 WL 6340758, at *2 (C.D. Cal. Nov. 20, 2018) (dismissing CLRA, UCL, and FAL claims for failure to plead them with particularity under Rule 9(b) and holding that "[b]ecause Plaintiff's claims for breach of express warranty, implied warranty of merchantability, and unjust enrichment are premised on the same allegations, they fail as well."), *aff'd sub nom. Weiss v. Trader Joe's*, 838 F. App'x 302 (9th Cir. 2021); *In re Hydroxycut Mktg. & Sales Practices Litig.*, 801 F. Supp. 2d 993, 1005, 1008 (S.D. Cal. 2011) (holding that Rule 9(b) applies to all claims grounded "on a unified course of fraudulent conduct" and dismissing express warranty claim based in part on Rule 9(b) analysis).

Here, each of Plaintiff's claims arise from the core allegation that NMCL allegedly made deceptive and fraudulent misrepresentations about its products (*i.e.*, the "Challenged Representations"). Therefore, each of these claims must satisfy Rule 9(b)'s particularity requirements. *See* Compl. ¶ 2 ("As a result of defendant's *fraudulent* marketing scheme, . . . *defrauded* consumers . . . ."); *id.* ¶ 61 at 50 (requesting punitive damages for an alleged breach of express warranty as a result of alleged "*fraudulent* conduct"); *id.* ¶ 61 at 52 (same as to alleged breach of implied warranty); *id.* ¶ 66 (alleging NMCL was unjustly enriched by engaging in "*fraudulent*, misleading, and deceptive representations and omissions"); *id.* ¶¶ 71-72 (asserting UCL claim based on "false, misleading, *fraudulent*, and deceptive statements" and a "false and *fraudulent* marketing scheme"); *id.* ¶ 88 ("*Fraudulent* & Material Challenged Representations"); *id.* ¶ 92 ("Defendant's use of the Challenged Misrepresentations to sell the Products violates California Civil Code sections 1572 (actual *fraud*), 1573 (constructive *fraud*), 1709-1710 (*fraudulent* deceit), and 1711 (*deceit* upon the public)."); *id.* ¶ 111 (asserting CLRA claim based on the alleged "false, misleading, deceptive, and *fraudulent* Challenged Representations.").

Because Plaintiff's claims are predicated on an alleged "uniform course of *fraudulent* conduct," her complaint "as a whole must satisfy the particularity requirement of Rule 9(b)." *Kearns*, 567 F.3d at 1125 (emphasis added). Having based her allegations entirely on testing of a product she did not purchase that is prohibited from sale in California, Plaintiff has not demonstrated "*why*" NMCL's representations are false, much less "*how*" NMCL had knowledge of any such falsity. Accordingly, Plaintiff's Complaint lacks the particularity mandated by Rule

1    9(b) and must be dismissed in its entirety.

2    **II.    Each of Plaintiff's claims must be dismissed because she has failed to plead with
3    particularity that *any* of the Challenged Representations are false.**

4    To establish any of her claims, Plaintiff must allege—with particularity—that the
5    Challenged Representations were false. But Plaintiff's allegations of falsity fall short of Rule
6    9(b)'s exacting standard because they are based on a test of a product that she did not purchase
7    and that is prohibited from sale in California where she both resides and brings this action.
8    Further, Plaintiff challenges certain representations that are nonactionable and incapable of being
9    proven false. Thus, because the testing asserted fails to demonstrate falsity as to the product she
10    actually purchased and because a subset of the challenged representations is not actionable, all of
11    Plaintiff's claims must be dismissed.

12    **A.    Each of Plaintiff's claims must be dismissed because she tested the wrong
13    product and therefore fails to allege that NMCL's representations regarding
the Travel Berkey she purchased were false.**

14    The centerpiece of Plaintiff's falsity allegations, and thereby each of her claims, is the
15    alleged test results for the Crown Berkey—a product Plaintiff did not purchase and which NMCL
16    specifically prohibits from being sold in California. The Complaint lacks any specific allegations
17    regarding the efficacy or filtration capabilities of the Travel Berkey system Plaintiff purchased.
18    The "disconnect between the representation at issue and what the studies cited by [Plaintiff]
19    actually show" suggests Plaintiff's "claims may be wholly speculative" and should be dismissed
20    under Rule 9(b). *See Eckler v. Wal-Mart Stores, Inc.*, 2012 WL 5382218, at *6-7, 8 n.10 (S.D.
21    Cal. Nov. 1, 2012) (dismissing claims where plaintiff failed to cite any studies "examining the
22    effectiveness of the actual Product in providing the benefits actually represented on the Product
23    label"). Even if the Court were to apply the lower Rule 8(a) standard, the Court cannot
24    "reasonably infer" from a study of a different product that NMCL "has engaged in false or
25    deceptive advertising on the basis of the facts alleged. And that means dismissal" of all her claims
26    "is proper." *Id.*; *see Spector v. Mondelez Int'l, Inc.*, 2017 WL 4283711, at *5 (N.D. Ill. Sept. 27,
27    2017) (holding that "Plaintiff's false advertising claim [did] not meet the Rule 8(a) standard
28    articulated by *Iqbal*, much less Rule 9(b)'s requirement that the circumstances constituting fraud

must be stated with particularity," where plaintiff based her allegations on test results for a product not at issue in the case (internal quotation marks omitted)).[3]

When, as here, claims are grounded in fraud, a plaintiff must plead sufficiently particularized facts to identify the alleged fraudulent statements and *why* they were fraudulent. *Brownfield*, 2009 WL 1953035, at *5 ("The plaintiff 'must set forth what is false or misleading about a statement, and why it is false.'") (quoting *Vess*, 317 F.3d at 1106). Plaintiff's explanation of the "why" must actually address the *challenged products*. *See Grimm*, 2017 WL 6398148, at *6 (dismissing UCL, FAL, and CLRA claims where plaintiff "describes what terms on [defendant's] labels were misleading, but does not describe why they are misleading").

Plaintiff's reliance on tests of the Crown Berkey—a product she did not purchase and that she *could not have purchased* in California—are inadequate to demonstrate *why* NMCL's representations are false. As one California court has explained, resting falsity allegations on this kind of test is "a problem for Plaintiff" because "none of the[] studies actually involved [the product at issue]." *Eckler*, 2012 WL 5382218, at *6. Indeed, articles and tests that "raise questions regarding the truth" of a company's statements but "do[] not specifically address [the actual] product," simply "fail[] to satisfy Rule 9(b)." *Dyson, Inc. v. Garry Vacuum, LLC*, 2011 WL 13268002, at *16 (C.D. Cal. Jan. 4, 2011); *see also Eckler*, 2012 WL 5382218, at *6-7, 8 n.10 (dismissing claims where plaintiff failed to cite any studies examining the actual product); *Padilla v. Costco Wholesale Corp.*, 2013 WL 195769, at *4 (N.D. Ill. Jan. 16, 2013) (dismissing claim because plaintiff "has failed to make any connection between the clinical studies that he cites and the actual representations appearing on the . . . product label.").

Even if Plaintiff had not alleged a "uniform course of fraudulent conduct," thereby subjecting her claims to the more onerous pleading standard of Rule 9(b), Plaintiff's falsity

---

[3] Plaintiff's breach of express and implied warranty and unjust enrichment claims should be dismissed for the additional reason that Plaintiff fails to identify the state law under which those claims arise. *See Augustine v. Talking Rain Beverage Co.*, 386 F. Supp. 3d 1317, 1333 (S.D. Cal. 2019) ("Plaintiffs [sic] failure to identify which state laws govern their common law claims means the claims brought on behalf of the nationwide class have not been adequately pled" under Rule 12(b)(6)); *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 933 (N.D. Cal. 2018) ("As this Court and other courts in this district have recognized 'due to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal.'").

1   allegations would nevertheless fail under Rule 8(a). At a minimum, under the lower pleading

2   standard of Rule 8(a), plaintiff must allege facts sufficient to *plausibly* infer that the asserted

3   study "*directly* support[s] [her] allegation of falsity." *Spector*, 2017 WL 4283711, at *7 (emphasis

4   added). But a test or analysis made "in reference to a product not at issue here . . . is not direct

5   evidence of falsity." *Id.* Plaintiff's study, which failed to test the product she actually purchased,

6   provides no basis—even under Rule 8(a)—for the Court to reasonably infer that NCML's

7   representations were false. As such, dismissal is required. *See id.*

8         Moreover, Plaintiff's allegations of "substantial similarity" do nothing to salvage her

9   claims. Having failed to test the Travel Berkey at issue, Plaintiff's allegations of falsity predicated

10   on a test of a different product necessarily collapse. A product prohibited from sale in Plaintiff's

11   state is not a "substantially similar" product to the one she tested. As demonstrated by the

12   authorities above, Plaintiff cannot point to the test of *another product* to support her allegations of

13   falsity as to the one she purchased. Left without any other explanation for why NMCL's claims

14   are false, Plaintiff has failed to plead falsity with the requisite particularity, and her claims must

15   be dismissed as a result.

16       **B.**    **Plaintiff fails to state a claim with respect to the Contaminant-Reduction**

17             **Representation because it is a nonspecific statement incapable of falsity.**

18         Further, Plaintiff's claims as to the Contaminant-Reduction Representation must be

19   dismissed on the independent ground that the representation is too vague and generalized to be

20   actionable. "[T]o be actionable as an affirmative misrepresentation, a statement must make a

21   specific and measurable claim, capable of being proved false or of being reasonably interpreted as

22   a statement of objective fact." *Weiss*, 2018 WL 6340758, at *4 (quoting

23   *Vitt v. Apple Computer, Inc.*, 469 F. App'x 605, 607 (9th Cir. 2012) (internal quotation marks

24   omitted)). Statements that consist of "inherently vague and generalized terms" and that are "not

25   factual representations that a given standard has been met" are not actionable. *Vitt*, 469 Fed.

26   Appx. at 607.

27         Plaintiff bases her claims, in part, on allegations that NMCL represented that its products

28

"'remove' contaminants and/or 'dramatically' or 'greatly' reduce contaminants." Compl. ¶ 4. She apparently does not contest that NMCL's products remove contaminants to some extent—as confirmed by her own test results—but she disputes NMCL's representation that the products completely remove or dramatically or greatly reduce contaminants. *Id.* ¶ 2 ("The products, however, fail to . . . eliminate or dramatically reduce contaminants to the extent advertised . . . ."). These representations are precisely the type of vague and generalized terms that courts in the Ninth Circuit have repeatedly held are not actionable. *See*, *e.g.*, *Cirulli v. Hyundai Motor Co.*, 2009 WL 5788762, at *3 (C.D. Cal. June 12, 2009) (statement that vehicle has "excellent design, construction, and safety" is nonactionable); *In re Sony Grand WEGA KDF–E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1089 (S.D. Cal. 2010) (representations regarding televisions' "high" or "superior picture quality" are not actionable).

In *Vitt*, the Ninth Circuit dismissed claims based on representations similar to the Contaminant-Reduction Representation. 469 F. App'x at 607 (internal quotations omitted). The *Vitt* court held that descriptors such as "mobile," "durable," "portable," "rugged," "built to withstand reasonable shock," "reliable," "high performance," "high value," an "affordable choice," and an "ideal student laptop" were generalized, non-actionable puffery. *Id*. As with these terms, the descriptors "dramatically," and "greatly" are likewise inherently vague and generalized terms. The Court should dismiss Plaintiff's claims to the extent they are based on the Contaminant-Reduction Representation.

## III. Plaintiff's claims under the UCL, CLRA, and FAL must be dismissed for failure to adequately plead the requisite element of knowledge of a misrepresentation.

Plaintiff has failed to adequately plead that NMCL acted with knowledge of any alleged defect in its products, as required to sustain Plaintiff's allegations that NMCL violated the UCL, CLRA, or FAL pursuant to the fraudulent course of conduct alleged in the Complaint. Under California law, the "indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess*, 317 F.3d at 1105. As explained above, *supra* Part I, Plaintiff's CLRA, FAL, and UCL claims are all grounded in fraud. Accordingly, Plaintiff must plead that NMCL had knowledge of the alleged falsity of its

1    representations.

2        Specifically, to sustain a UCL claim grounded in fraud, a plaintiff must "sufficiently

3    plead, *inter alia*, that 'the defendants had knowledge of the basic facts that rendered their

4    statements misleading at the time the statements were made' or that the defendant 'was aware of

5    the defect when Plaintiff[ ] purchased [the defective product].'" *Punian v. Gillette Co.*, 2015 WL

6    4967535, at *12 (N.D. Cal. Aug. 20, 2015) (quoting *Kowalsky v. Hewlett–Packard Co.*, 771 F.

7    Supp. 2d 1156, 1160–61 (N.D. Cal. 2011)). "[U]nder the CLRA, plaintiffs must sufficiently

8    allege that a defendant was aware of a defect at the time of sale to survive a motion to dismiss."

9    *Wilson v. Hewlett Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012). Similarly, "a plaintiff

10   bringing a claim under the FAL must allege sufficient facts to show that a defendant knew [or

11   should have known] that any allegedly false or misleading statements were false or misleading

12   when made." *Punian*, 2015 WL 4967535, at *9 (quoting *In re Sony Grand WEGA*, 758 F. Supp.

13   2d at 1094); *see also Abramson v. Marriott Ownership Resorts, Inc.*, 155 F. Supp. 3d 1056, 1067

14   (C.D. Cal. 2016) (dismissing FAL claim where plaintiffs did not "adequately allege that Marriott

15   Ownership Resorts knew or should have known that the statement was untrue or misleading.")

16   Although a plaintiff must only generally plead "malice, intent, knowledge, and other conditions

17   of a person['s] mind, including scienter," the pleadings "must still satisfy the plausibility standard

18   of Rule 8, and conclusory statements are insufficient." *See, e.g.*, *Enea v. Mercedes-Benz USA,*

19   *LLC*, 2019 WL 402315, at *5 (N.D. Cal. Jan. 31, 2019) (dismissing UCL and CLRA claims for

20   plaintiff's failure to plausibly allege defendant's knowledge of product defect).

21       Plaintiff fails to allege any facts supporting her allegation that NMCL knew (or, with

22   respect to the FAL claim, should have known) that the Challenged Representations were

23   allegedly false. For example, Plaintiff cites no studies, tests, or customer complaints that were

24   inconsistent with NMCL's representations and were ever communicated to NMCL or even

25   available to it. Plaintiff does not (and could not) allege that the testing performed by her

26   counsel—on a different product, approximately one year after she purchased the Travel Berkey—

27   was available to NMCL, much less at the time she purchased the product. *See Tomek v. Apple*

28   *Inc.*, 636 F. App'x 712, 713–14 (9th Cir. 2016) (affirming dismissal of CLRA and UCL claims

where plaintiff failed to allege specific facts indicating the defendant knew its advertisements were misleading at the time plaintiff purchased the product); *Wilson*, 668 F.3d at 1147-48 (holding that complaints made over two years after Plaintiffs' purchase did "not support an inference that [defendant] was aware of the defect at the time it sold the [product] to Plaintiffs."). Plaintiff also fails to acknowledge NMCL's own third-party testing. Contrary to Plaintiff's assertions that NMCL failed to substantiate its claims, NMCL *did* support its claims with third-party testing made available to the public on NMCL's website. Plaintiff does not address this testing, much less allege any knowledge contrary to it. Plaintiff does not identify any facts, such as contradictory studies or tests, available to NMCL that would have caused NMCL to question the accuracy of these independent, third-party tests.

In short, Plaintiff's only allegations on the issue of knowledge consist of legal conclusions. *See, e.g.*, Compl. ¶ 35 ("Defendant knew, or should have known, that the Challenged Representations were false, misleading, deceptive, and unlawful, at the time that the Products were advertised, warranted, and/or sold and, instead, intentionally and deliberately used the Challenged Representations to sell Products regardless."). Plaintiff's failure to plead facts to support these legal conclusions is fatal to her UCL, CLRA, and FAL claims. *See Wilson*, 668 F.3d at 1147-48 (affirming Rule 12(b)(6) dismissal of CLRA and UCL claims where plaintiff failed to adequately plead defendant's knowledge); *Enea*, 2019 WL 402315, at *5 (holding "conclusory statement that 'Defendants at all relevant times were aware of the defects'" was insufficient to "plausibly allege that Defendants had knowledge of the defects"). The Court should dismiss these claims.

## IV. Plaintiff's unjust enrichment and UCL claims must be dismissed because legal remedies are available.

Plaintiff cannot sustain her claims for equitable relief "where an adequate remedy exists at law." *See Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009). The remedies available for unjust enrichment and UCL claims are equitable in nature. *Ball v. Johanns*, 2008 WL 269069, at *3 (E.D. Cal. Jan. 29, 2008) ("[U]njust enrichment is an equitable doctrine."); *Forty Niner Truck Plaza, Inc. v. Shank*, 2011 WL 4386299, at *2 (E.D. Cal. Sept. 20, 2011) ("A claim under

1   [the UCL] is equitable in nature; damages cannot be recovered . . .") (quotations omitted)).

2        The Court must dismiss Plaintiff's UCL claim because she failed "to explain how [her]

3   alleged injury cannot be remedied by the payment of damages." *Gardner v. Safeco Ins. Co. of*

4   *Am.*, 2014 WL 2568895, at *1, 8 (N.D. Cal. June 6, 2014) (dismissing UCL claim because

5   plaintiff failed to allege "that a legal remedy is inadequate to redress *his own* injury in this

6   matter") (emphasis in original)). Similarly, the Court must dismiss Plaintiff's claim for unjust

7   enrichment. *Mort v. United States*, 86 F.3d 890, 892 (9th Cir. 1996) (quoting *Morales v. Trans*

8   *World Airlines, Inc.*, 504 U.S. 374, 381 (1992)) ("'It is a basic doctrine of equity jurisprudence

9   that courts of equity should not act . . . when the moving party has an adequate remedy at

10   law. . . .'").

11   **V.   Punitive damages are not available for Plaintiff's claims.**

12        The Court should dismiss Plaintiff's requests for punitive damages. Punitive damages are

13   not available under the UCL and FAL, nor are they available for breach of express and implied

14   warranty under California law. *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d

15   609, 620 (N.D. Cal. 2007); *see also Petkevicius v. NBTY, Inc.*, 2017 WL 1113295, at *10 (S.D.

16   Cal. Mar. 24, 2017); *Goel v. Coalition Am. Holding Co.*, 2011 WL 13128300, at *9 (C.D. Cal.

17   July 5, 2011) ("As a matter of law, Plaintiff cannot recover punitive damages for his . . . unjust

18   enrichment . . . cause[] of action.").

19        In addition, Plaintiff fails to plead any facts supporting her claim for punitive damages

20   under the CLRA. To state a claim for punitive damages under the CLRA, a plaintiff must plead

21   facts indicating that an "officer, director, or managing agent" of the defendant acted with fraud or

22   malice. *Roper v. Big Heart Pet Brands, Inc.*, 2020 WL 7769819, at *16 (E.D. Cal. Dec. 30, 2020)

23   (quoting *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d at 1148)) ("[A]

24   corporate entity cannot commit willful and malicious conduct; instead, 'the advance knowledge

25   and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be

26   on the part of an officer, director, or managing agent of the corporation.'"). Here, Plaintiff fails to

27   allege any facts to support an inference that an NMCL officer, director, or managing agent—or

28   any other NMCL representative, for that matter—acted with fraud or malice. *See supra* Part III.

1   Her claim for punitive damages under the CLRA should therefore be dismissed.

2          Accordingly, the Court should deny Plaintiff's request for punitive damages.

3                                    **CONCLUSION**

4          For the reasons set forth above, NMCL respectfully requests that the Court dismiss

5   Plaintiff's claims for failure to state a claim.

1   DATED:  April 23, 2021                    HAYNES AND BOONE, LLP

2

3                                             By:    */s/ R. Thaddeus Behrens*
                                              R. Thaddeus Behrens (SBN 196322)
4                                             thad.behrens@haynesboone.com
                                              Michelle C. Jacobs* (TX Bar No. 24069984)
5                                             michelle.jacobs@haynesboone.com
                                              William Marsh* (TX Bar No. 24092762)
6                                             william.marsh@haynesboone.com
                                              Haynes and Boone, LLP
7                                             2323 Victory Avenue, Suite 700
                                              Dallas, TX 75219-7672
8                                             Tel: (214) 651-5668
                                              Fax: (214) 200-0886
9

10                                            *Admitted Pro Hac Vice

11                                            Attorneys for Defendant
                                              New Millennium Concepts, Ltd.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on April 23, 2021, I electronically filed the foregoing with the Clerk

3  of the Court using the CM/ECF system which will send notification of such filing to the email

4  addresses denoted on the Notice of Electronic Filing.

5      I certify under penalty of perjury under the laws of the United States of America that the

6  foregoing is true and correct. Executed on April 23, 2021.

7                   By:    */s/ R. Thaddeus Behrens*

8                        R. Thaddeus Behrens

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28